```
                                                    USDC SDNY
                                                    DOCUMENT
                                                    ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                        DOC #:_____
SOUTHERN DISTRICT OF NEW YORK                       DATE FILED: 3/14/2025
-------------------------------------------------------------- X
EILEEN DONAHUE,                                  :
                                                 :
                                                 :
                                      Plaintiff, :
                                                 :      24-CV-6544 (VEC)
                          -against-              :
                                                 :      OPINION & ORDER
                                                 :
THE NEW YORK CITY TRANSIT AUTHORITY,              :
                                                 :
                                                 :
                                     Defendant.  :
-------------------------------------------------------------- X
```

VALERIE CAPRONI, United States District Judge:

Elaine Donahue was injured when a third-party assailant pushed her into a train and onto the subway tracks. New York City Transit Authority ("NYCTA") owns and operates New York City's transit system, including the subway station in which Plaintiff was attacked. Plaintiff sues under 42 U.S.C. § 1983 and for common law negligence alleging that Defendant is liable because it failed to install physical safety barriers on its subway platforms and failed to train its employees on how to respond when witnessing assaults. Defendant moved to dismiss, asserting failure to state a claim. For the following reasons, Defendant's motion is GRANTED.

## BACKGROUND[1]

On October 18, 2023, Plaintiff exited a New York City subway train and was attacked. Compl. ¶¶ 9–10, Dkt. 1. The assailant shoved Plaintiff into a departing train, causing her head and body to strike the train. *Id.* ¶ 13. The train operator and other NYCTA personnel observed the attack on Plaintiff but did not stop the train or call for assistance. *Id.* ¶¶ 12, 14. After the

---

[1] The Court presumes the truth of the well-pled factual allegations in the Complaint at this stage in the litigation. *See Hu v. City of New York*, 927 F.3d 81, 88 (2d Cir. 2019).

train departed the station, the assailant struck Plaintiff again, shoving her onto the tracks. *Id.* ¶¶ 14–15. Plaintiff sustained extensive brain injuries and severe trauma to her head and face. *Id.* ¶ 19.

According to Plaintiff, Defendant knew that its transit system platforms were unsafe without guardrails but chose not to implement such safety measures despite having the financial means and incentives to do so. *See id.* ¶¶ 55, 62–64. Plaintiff alleges, for example, that Defendant has considered installing barriers since the 1980s and had plans as early as 2013 to test barriers on the "L" train line. *See id.* ¶¶ 59–64. Defendant, however, diverted funds for that project to other purposes and adopted alternative measures, including a widely disseminated publicity campaign, *see id.* ¶¶ 56–60, as well as static fences on some subway platforms, *see id.* ¶¶ 65–66.

Plaintiff alleges two causes of action: (1) municipal liability under 42 U.S.C. § 1983 and (2) negligence. *See generally* Compl. Plaintiff alleges that she was deprived of her Fourteenth Amendment rights by Defendant's failure to implement adequate safety measures on subway platforms and to train its employees regarding the need to stop trains immediately and call for assistance when observing an assault in the system. *See id.* ¶¶ 35, 88–90, 96. Defendant moved to dismiss the municipal liability claim for failure to state a claim. Def. Mem. at 1, Dkt. 12 (citing Fed. R. Civ. P. 12(b)(6)).

## DISCUSSION

### I. Standard of Review

To survive a motion to dismiss for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  When considering a Rule 12(b)(6) motion to dismiss, the Court draws all reasonable inferences in the light most favorable to the plaintiff.  *See Gibbons v. Malone*, 703 F.3d 595, 599 (2d Cir. 2013) (citation omitted).  The Court is not required, however, "to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

### II.     Plaintiff Fails to State a § 1983 Claim

To state a claim for municipal liability under 42 U.S.C. § 1983, a plaintiff must allege "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right."  *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007) (citation omitted).

Because the Due Process Clause is phrased as a limitation on the powers of the States to act, to allege a violation the plaintiff must allege some affirmative government action, *Lombardi v. Whitman*, 485 F.3d 73, 79 (2d Cir. 2007), and that action must be "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience," *Pena v. DePrisco*, 432 F.3d 98, 112 (2d Cir. 2005) (citation omitted).  A State's failure to protect an individual against private violence does not constitute a due process violation except in those limited circumstances in which the State has affirmatively imposed a limit on an individual's liberty, *see DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 198–202 (1989), or affirmatively created the danger, *see Pena*, 432 F.3d at 109.  Although the Second Circuit recognizes that a State may be liable for failure to protect an individual where the State created the danger, it is not enough to allege that a "government actor failed to protect an individual from a known danger of bodily harm or failed to warn the individual of that danger." *Lombardi,* 485 F.3d at 79.

"The failure to train or supervise city employees may constitute an official policy or custom if the failure amounts to 'deliberate indifference' to the rights of those with whom the city employees interact." *Wray*, 490 F.3d at 195 (quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). To allege deliberate indifference, a plaintiff must allege facts from which the Court can plausibly infer that (1) "a policymaker knows 'to a moral certainty' that city employees will confront a particular situation"; (2) the situation presents the employee with a difficult choice that training or supervision will make less difficult, or "there is a history of employees mishandling the situation"; and (3) the wrong choice by employees will "frequently cause the deprivation" of citizens' constitutional rights. *Id.* at 195–96 (quoting *Walker v. City of New York*, 974 F.2d 293, 297–98 (2d Cir. 1992)).

### A. The Complaint Does Not Adequately Allege that Defendant Violated Plaintiff's Constitutional Rights

Plaintiff has failed to allege facts from which the Court can plausibly infer that Defendant violated her Fourteenth Amendment right to substantive due process by failing to protect her from private violence. *See DeShaney*, 489 U.S. at 202. To allege a substantive due process violation, Plaintiff needs to allege egregious or outrageous affirmative government action that "shock[s] the contemporary conscience" or that Defendant created the danger due to its relationship with the private assailant. *Pena*, 432 F.3d at 109, 112 (citation omitted). Plaintiff alleges that she was assaulted by a third party, not an NYCTA employee or other New York City official, and she does not allege any relationship between Defendant and the assailant. *See id.* at 109. The Complaint alleges no conduct by Defendant in connection with the assault that was so egregious or outrageous as to "shock the contemporary conscience." *Id.* at 112 (citation omitted). The only "conduct" Plaintiff alleges is that the train operator and NYCTA personnel

4

did not stop the train or call for assistance, Compl. ¶¶ 12, 14, and that Defendant deliberately chose not to install physical barriers on subway platforms, *id.* ¶ 39. All of that conduct is passive, rather than affirmative, and does not give rise to a constitutional violation. *See Pena*, 432 F.3d at 109–10. Plaintiff's failure to allege affirmative conduct on Defendant's part that violated her rights is fatal to her § 1983 claim. *See id.* at 110.

Plaintiff's failure-to-train theory fails for the same reason: she has not adequately alleged that the state took any affirmative action to violate her constitutional rights. *See Young v. Cnty. of Fulton*, 160 F.3d 899, 904 (2d Cir. 1998) ("[A] claim for failure to train cannot be sustained unless the employees [who were not trained] violated a clearly established federal constitutional right."); *see also Pena*, 432 F.3d at 110 ("A failure to interfere when misconduct takes place, and no more, is not sufficient to amount to a state created danger.").[2]

Accordingly, Defendant's motion to dismiss is granted as to Plaintiff's § 1983 claim.

---

[2] Even if Plaintiff had adequately alleged a violation of a substantive right, she fails to allege adequately that Defendant was deliberately indifferent. Although Plaintiff recounts instances in which other passengers have fallen or been pushed on subway tracks, *see* Compl. ¶¶ 43–52, she has not alleged that such events occur with sufficient regularity to rise to the level of "moral certainty." *See Walker*, 974 F.2d at 297 ("[A] policymaker does not exhibit deliberate indifference by failing to train employees for rare or unforeseen events."). Where the need for better supervision is obvious, deliberate indifference can be inferred by "no meaningful attempt on the part of the municipality to investigate or forestall further incidents." *Vann v. City of New York*, 72 F.3d 1040, 1049 (2d Cir. 1995).

Far from alleging that Defendant has made no meaningful attempt to mitigate the risk of falling or being pushed onto subway tracks, the Complaint contains several examples of Defendant making a "meaningful attempt" to protect subway riders from that harm. *Id.*; *see, e.g.*, Compl. ¶ 56 (recounting Defendant's publicity campaign to remind customers to "[s]tand away from the platform edge"); *id.* ¶ 65 (alleging that Defendant has installed static fences on some subway platforms). Many of Plaintiff's remaining allegations evince "mere . . . bureaucratic inaction" insufficient to state a § 1983 claim. *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 128 (2d Cir. 2004); *see, e.g.*, Compl. ¶ 60 (alleging that Defendant diverted money for testing platform safety barriers to other purposes); *id.* ¶ 61 (alleging that Defendant scrapped its plans to design the Second Avenue Subway line with platform guardrails).

### B. Leave to Amend Is Futile

Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend should freely be given when justice so requires. *See* Fed. R. Civ. P. 15(a)(2). On the other hand, a court has "discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Repleading is futile when the defect in the cause of action is substantive. *Zeuner v. Suntrust Bank Inc.*, 181 F. Supp. 3d 214, 223 (S.D.N.Y. 2016). A court may also deny leave to amend where a plaintiff is unable to identify "how amendment would cure the pleading deficiencies in [the] complaint." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014).

The problem with Plaintiff's federal claim is substantive; "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). "[T]he standard for denying leave to amend based on futility is the same as the standard for granting a motion to dismiss." *IBEW Loc. Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scot. Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015). The allegations in the Complaint affirmatively reveal that Plaintiff's case rests on inaction by Defendant rather than affirmative acts that violated her right to substantive due process. To be sure, the Court is sympathetic to Plaintiff's ordeal and is aware of the safety risks about which she complains. The problem she has, however, is insurmountable because her legal theory is flawed.

### III. Plaintiff's State Law Claim Is Dismissed Without Prejudice

A district court "may, at its discretion, exercise supplemental jurisdiction over state law claims even where it has dismissed all claims over which it had original jurisdiction." *Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996). In deciding whether to

retain jurisdiction, courts "consider factors such as judicial economy, convenience, fairness, and comity." *Id.* at 1191.  In declining to exercise supplemental jurisdiction, the state law claims "may be dismissed without prejudice and left for resolution to state tribunals." *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 613 F. Supp. 2d 437, 442 (S.D.N.Y. 2009) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726–27 (1966)).

This litigation is in its early stages, and discovery on Plaintiff's *Monell* claim was stayed pending resolution of the motion to dismiss.  *See* Dkt. 18.  There is, therefore, no interest that would be served by retaining supplemental jurisdiction.  Accordingly, Plaintiff's state law claim is dismissed without prejudice to allow Plaintiff to plead that cause of action in state court.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED.  The Clerk of Court is respectfully directed to terminate the open motion at Dkt. 10 and to close the case.

**SO ORDERED.**

**Date:  March 14, 2025**  
**New York, New York**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
**VALERIE CAPRONI**  
**United States District Judge**